## John L. Hall v. Jenness & Cohen.

1. REPLEVIN—*Answer*—*Issue.* Where goods are replevied by A. from a sheriff who holds them by virtue of an execution against B., an answer alleging that said goods were in fact the property of B., when seized, raises a material issue, and, if true, constitutes a good defense to the action.

2. VERDICT *in Replevin*—*Sufficiency of.* Where A., under a claim of ownership, replevies certain goods from a sheriff, and the answer shows that the sheriff holds them as the property of B., an execution-debtor, a verdict which finds that the sheriff "at the commencement of the action had the right of possession" of said goods, is responsive to the issue, and is a substantial finding that such goods are not the property of A., but are the property of said execution-debtor.

3. PRACTICE *on Appeal. No Error presumed.* A reviewing court will never presume error, but the error, if any, must be affirmatively shown.

4. ———*Immaterial Errors disregarded.* And before a judgment will be reversed for error, it must be affirmatively shown that the error affects the substantial rights of the party complaining.

5. JUDGMENT *in Replevin—Must be in Alternative.* In an action of replevin, when the property has been delivered to the plaintiff, and the defendant claims a return thereof, if the judgment be for the defendant, it must be in the alternative for a return of the property or for the value thereof, in case a return cannot be had.

### *Error from Franklin District Court.*

REPLEVIN, commenced by *John L. Hall* as plaintiff, to recover from defendant *R. E. Jenness*, sheriff of Franklin county, a stock of goods. *Hall* claimed ownership and right of possession, alleged a wrongful detention by *Jenness*, and that the goods were of the value of $988.10. An order of delivery was obtained, and the goods were delivered to the plaintiff *Hall*. *Jenness* answered, alleging that he was sheriff, etc., and that as such officer he had taken and was entitled to the goods by virtue of three writs of execution issued to him on judgments duly recovered by one Adolph Cohen against Charles A. Bunting and Charles F. Earle; and that said goods were at the time of their seizure the property of said Bunting. Hall replied, denying the averment that the goods belonged to Bunting. Afterward said *Adolph Cohen*, on his own application, as being a party in interest, was joined as a defendant, but he filed no answer.

The case was tried at the March Term, 1870. The transcript contains the charge of the court, the instruction asked by the respective parties, and the exceptions noted to the giving and refusing of such instructions; but none of the testimony offered or received was preserved, and no bill of exceptions signed or settled. The verdict and judgment, which were in favor of the defendants, are set out in the opinion of the court.

The plaintiff *Hall* brings the case to this court, on error, for review.

*John W. Deford* and *C. B. Mason,* for plaintiff in error :

1. Sec. 2 of our "statute of frauds," (ch. 43, Gen. Stat. 1868,) was erroneously construed by the court below: and instructions given or refused, not based on the evidence, but construing a statute, will be reviewed by this court, although the testimony given on the trial is not before it.

The court told the jury that if the sale by Bunting to Hall was made for the purpose of hindering, delaying or defrauding the creditors of Bunting, or Bunting & Co., the sale should be "deemed utterly void and of no effect." This, although the language of the statute, is not the law. Such a sale "is not void except against creditors or subsequent purchasers." *Burgett v. Burgett,* 1 Ohio, 469. It is good between the parties.

2. The issue made by the pleadings was immaterial. The only question raised by the answer was, whether the right of property in the goods levied upon was, *at the time of the levy,* in C. A. Bunting, (who was not a party to the suit,) or whether *at that time,* said Bunting had an interest in the property liable to levy and sale under execution, or whether the same at *that time* belonged to plaintiff, John L. Hall. Whether Bunting had any right or interest in the goods taken, when the levy was made, could not figure in the case. The real question at issue was this: Did the sheriff, by virtue of his levy upon the goods, under the three executions in his hands against Bunting, acquire an interest therein to the amount of said executions and costs, superior or paramount to that which Hall had acquired by virtue of the sale to him by

Bunting? Of course, this question would involve an inquiry into and depend upon the intent with which the sale was made. If such sale was found to be fraudulent, then the sheriff's right under the executions, to the amount of debts and costs, would be superior to that of Hall. But in no way could Bunting's title or interest be put in issue; (*Seaman v. Luce*, 23 Barb., 240.) The finding for defendants of the issue as joined did not warrant any judgment against Hall, (12 Wend., 475; 10 N. Y., 447,) in favor of defendants, though it would no doubt have sustained a judgment in favor of Bunting had he been the defendant.

3. The verdict was not responsive to the issue. The point of time in issue was not the commencement of the *action* but the *time* of the *levy*. The rights in issue were those of Bunting and Hall, and not those of Jenness. The jury's general finding "for the defendants," as a deduction from their two special findings, is absurd, and goes for nothing. The special findings being inconsistent with the general one, must control, and the judgment must be according to the former; Gen. Stat., 1868, p. 684, § 287. And when the verdict is not responsive to the issue, the judgment is erroneous: Nash Pl., 517; *Powell v. Harter*, 5 Ohio, 227, 259; 2 Ohio St., 451; 21 Wend., 90; 13 id., 425, 272; 3 Ind., 667.

4. The judgment is erroneus. The jury did not "assess the amount of recovery;" Gen. Stat.. p. 684, § 288. The court below had no right even to compute the interest and give judgment for it, much less to assess the principal debt and costs; 4 Kas., 41; 25 N. Y., 348. Defendant in his answer claims neither debt nor damages. All he asks is a restitution of the goods to the sheriff. Does this justify the court in giving him a judgment for $578

debt and interest? The judgment is not in the alternative; Gen. Stat. 1868, p. 663, § 185; 23 Barb., 248; 3 Kas., 235.

Cohen was made co-defendant. He filed no pleading, and claimed no rights under the sheriff's answer, and the court erred in rendering the judgment in his favor jointly with Jenness. *Gittings v. Baker*, 2 Ohio St., 21.

The judgment is entire for debt and interest, and must be totally affirmed or reversed. 8 Johns. 111, 558; 14 id., 417; *Van Bokkelin v. Ingersoll*, 5 Wend., 315, 341.

6. Exceptions are not necessary where the record shows the final judgment to be erroneous. *Koehler v. Ball*, 2 Kas., 160; *Lender v. Caldwell*, 4 Kas., 339.

*Pendery & Brewer*, for defendants in error:

1. "Every fact necessary to sustain a judgment rendered, will on review of such judgment, be presumed to have been proved, and by competent testimony, unless the contrary be shown." *Simpson v. Woodward*, 5 Kas., 511; *Shelton v. Dunn*, 6 Kas., 128.

2. The plaintiff having failed to make any motion to set aside the verdict and for a new trial, has waived the right to have the verdict disturbed, no matter what errors may have occurred, whether in the instructions of the court or otherwise. *Blair v. Fields*, 5 Kas., 58, 165; 3 id., 80; 1 id., 338.

3. No portion of the testimony being in the record, this court cannot tell whether the vervict is correct, nor whether the instructions given were applicable to the case. *Lalonde v. Collins*, 5 Kas., 361; *Lacy v. Dunn*, 5 Kas., 567; 4 Kas., 36.

4. The verdict was responsive to the issues, and correct in form; and the judgment properly rendered thereon.

The only question really in issue was the ownership of the goods. If Bunting's, they were subject to the levy, and it was admitted in the pleadings they were worth more than the amount of the judgment. The jury found "for defendants," that is, that the goods were Bunting's.

5. The goods being proved to be Bunting's, the rights of the plaintiff are not prejudiced by an affirmance of the judgment.

6. If the answer of Jenness was not sufficiently definite and certain, a motion to have it made so would have been proper. 2 Kas., 347.

7. Under a general denial in replevin, the defendant can show his interest in the goods replevied, and recover a judgment therefor.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff Hall replevied certain goods from the defendant Jenness. Afterward, Adolph Cohen was made a party defendant, on the ground that he was interested in the result of the suit. The pleadings were a petition of the plaintiff, an answer of the defendant Jenness, and a reply of the plaintiff. The plaintiff alleged nothing in his petition against the defendant Cohen; and Cohen filed no answer to the plaintiff's petition, nor any other pleading of any kind. Hall claimed to own, and to be entitled to the possession of the goods; his petition was an ordinary petition in replevin. The answer set up special facts in defense, among which the following were admitted by the reply, and were therefore not in issue before the jury, and were not necessary to be proved: On the 10th of November, 1868, the defendant Adolph Cohen, obtained three judg-

ments before a justice of the peace in Leavenworth county, amounting in the aggregate to $527.55, against Charles A. Bunting and Charles F. Earle. These judgments were filed in the district court of Leavenworth county, and executions thereon were issued and sent to said Jenness, sheriff of Franklin county, who levied on the said goods, which were worth $988.10, as the property of said Bunting.

The answer further alleges that these goods were at the time of said levy in fact the property of said Bunting. This the plaintiff in his reply denies; and the only issue raised in the case, as we think, is, whether the said goods were, at the time of said levy, the property of said *Bunting*, or the property of said *Hall*.

1. REPLEVIN — ownership—is-sue.

The counsel for the plaintiff suggests that this issue is an immaterial one. We regard it as being a material one; and we think that the whole answer taken together constitutes a good defense to the plaintiff's action. If Bunting owned the goods, the defendant Jenness got the same rightfully into his possession, and did not unlawfully or wrongfully detain them from the plaintiff; but if Hall owned the goods, then Jenness wrongfully took them into his possession, and wrongfully held them. The issue was tried by a jury, who found as follows:

2. —— Verdict— —what is sufficient.

"We the jury find that at the commencement of this action, Richard E. Jenness had the right of possession of the property mentioned in the petition, and we find the value of the property to be $988.10; therefore, we the jury find for the defendants."

This verdict is a substantial finding that the goods were at the time they were seized in execution the property of said Bunting; and the verdict is responsive to the issue.

The court below, on the facts admitted in the pleadings, and the verdict of the jury, rendered a judgment in favor of the defendants *jointly*, and against the plaintiff Hall for "the sum of $578.80, "the debt and interest due upon the executions "mentioned in the defendant's answer, and the further "sum of $30.85, the costs upon the same prior to the "commencement, and in addition thereto the costs of "this suit."

*3. PRACTICE, error must be shown; it will not be presumed.*

The counsel for plaintiff raises two other questions in the court: *first*, that the court erred in its charge to the jury; and *second*, that the court erred in rendering the judgment.

There are two principles of law founded in soundest reason, and universally sustained by judicial decisions, that we think will settle the first question raised by counsel: *First*, A reviewing court will never presume error, but the error, if any must be affirmatively shown. *Second*, And before a judgment will be reversed for error, it must be affirmatively shown that the error affects the substantial rights of the party complaining; (Gen. Stat., 655, § 140.)

*4. ——and it must be material, to avail;*

In this case, as appears from the record, no portion of evidence in the court below was preserved; no bill of exceptions was signed by the judge; no motion for a new trial was made by the plaintiff; and whether all the instructions given by the court, or asked and refused, are brought to this court, is not shown. There is no admission on the part of the defendants, or either of them, in the pleadings or elsewhere, and not a particle of evidence tending to show that the plaintiff ever had the least or most remote interest in the goods in controversy. Then upon what principle can the plaintiff complain of any

errors of the court in charging the jury? It is true that when a party has introduced evidence that tends to prove his case, he has a right to have his case submitted to the consideration of the jury under proper instructions, and where incorrect instructions upon the point in controversy are shown to have been given to the jury, over the party's objections, a reviewing court will not undertake to say that they did not operate to the injury of the party against whom they were so given, unless such fact is made clearly to appear; (*Gillett v. Corum*, 5 Kas., 608;) but such is not this case. In this case, according *to the record* brought to this court, it would have been proper for the court below to have instructed the jury, that, "As no evidence has been introduced on the part of the plaintiff, you will find for the defendants." The charge of the court however was not so unfavorable to the plaintiff as this. Again: Suppose that all the instructions given by the court were abstractly erroneous, and all the instructions asked by the plaintiff and refused by the court, embodied sound principles of law; still, there is nothing in this case that tends to show that the errors of the court affected the substantial rights of the plaintiff.

The counsel also contends that the judgment rendered by the court was erroneous. This is probably true. The court rendered a judgment for $30.85, the costs upon the executions mentioned in the answer of the defendant Jenness, although there was no allegation in the pleadings, nor finding of the jury, that any such sum was due; but still this was an immaterial error, as the judgment as rendered by the court was far short of being as much as it ought to be. But the court committed a more serious error: The judgment was rendered for money absolutely, while it

5. JUDGMENT in replevin must be in the alternative.

should have been rendered in the alternative for a return of the property or the value thereof, in case no return could be had. Section 185 of our code (Gen. Stat., 663,) is precisely the same as § 277 of the New York code; and this construction has been repeatedly and uniformly given to said action by the New York courts: *Dwight v. Enos*, 9 N. Y., 470; *Fitzhugh v. Wiman*, 7 N. Y., 559; *Wood v. Orser*, 25 N. Y., 348, 355, 360; *Seamen v. Luce*, 23 Barb., 240, 248; *Glann v. Younglove*, 27 Barb., 480; *Gallarati v. Orser*, 4 Bosw., 94; and see also *Garrett v. Wood*, 3 Kas., 231, 235; and *Smith v. Coolbaugh*, 19 Wis., 107, 110. Under said § 185 of our code the plaintiff has a right to return the property delivered to him under an order of replevin, if the judgment be against him, and it is error for the court to deprive him of that right.

We also think that the court erred in rendering a judgment *jointly* in favor of the defendants. They had no joint interest in the property. The judgment should have been in favor of Jenness alone, as Cohen was not made a defendant *in lieu* of Jenness, under §§ 43 and 44 of the code; nor substituted for Jenness under § 45 of the code; (Gen. Stat., 638.) He was simply made a party defendant. Nothing was done to deprive Jenness, as sheriff, of his sole and exclusive right to the goods or their value, until the executions should be satisfied. But this was also an immaterial error, not affecting the substantial rights of the plaintiff as it could not be very material to him whether he paid the money to Jenness, or to Cohen, or to both jointly.

The court also erred in making the amount of the judgment too small. The judgment was for the amount of the executions, to-wit, $609.65, while it should have been *for the value of the goods replevied*, provided a return of the

goods could not be had, to-wit, for the sum of $988.10. No portion of these goods belonged to Hall; nor had he any interest therein, as appears from the pleadings and the verdict of the jury. They were Bunting's goods; and the sheriff is responsible to Bunting for them, or rather for all over and above what will satisfy the executions against Bunting. A sheriff cannot levy upon more goods than will satisfy an execution in his hands, and then allow any third party to come in and take the surplus. He must save the surplus inviolate for the original owner of the goods. But this is also an error of which the plaintiff Hall cannot complain.

This case is remanded with instructions to the court below to modify said judgment in accordance with this opinion.

All the Justices concurring.