54   307
65   817

THE CHASE COUNTY NATIONAL BANK *et al.* v. MARY
L. THOMPSON.

1. REPLEVIN — *Alternative Judgment for Plaintiff.* In an action of replevin, where the defendant retains possession of the property, the judgment for the plaintiff should be in the alternative for a return of the property, or for its value in case a return cannot be had; and such judgment should be rendered although the plaintiff may only ask in his petition for the recovery of the possession of the property.

2. DAMAGES — *Recovery.* In such a case, and even where a return of the property cannot be had, the plaintiff is entitled to recover damages resulting from the wrongful detention of the property.

*Error from Chase District Court.*

THE opinion states the case.

*C. N. Sterry,* for plaintiffs in error:

The third subdivision of § 87 of the code provides that if a recovery of money be demanded, the amount thereof shall be stated. Under this, it has been held by this court that to render a judgment for money not demanded in the prayer was error. *Green v. Dunn,* 5 Kas. 254; *Shepard v. Pratt,* 16 id. 209.

In this case, no demand for a money judgment of any kind was made; but the court, in the absence of such demand, rendered a money judgment.

Again, the plaintiffs in error, if they pay the value of the property, with interest thereon from the date of taking, in lieu of surrendering the property, ought not to be compelled to pay any damages for the wrongful detention, as the only damage in such case would be the damage authorized in actions of trover, to wit, interest. *Garrett v. Wood,* 3 Kas. 231; *Hasted v. Dodge,* 25 N. W. Rep. (Iowa) 462; *Hanselman v. Kregel,* 27 N. W. Rep. (Mich.) 678; Cobbey, Repl., ¶ 961.

*Winne & Sanders,* for defendant in error:

That this judgment was warranted by the verdict, see *Hall*

*v. Jenness*, 6 Kas. 356, 362.   See, also, *Ward v. Masterson*, 10 id. 77, 78; Gen. Stat. of 1889, ¶ 4268.

As to the second point made in the brief of plaintiffs in error, see *Batchelor v. Walburn*, 23 Kas. 733, 736.   See, also, Gen. Stat. of 1889, ¶ 4222.

The opinion of the court was delivered by

JOHNSTON, J.: Mary L. Thompson brought an action of replevin against the Chase County National Bank and another to recover the possession of nine horses and one cow, of the alleged value of $880.   The jury returned a verdict finding that she was the owner and entitled to the immediate possession of the property, stating the value of each animal, and that all were of the aggregate value of $562.50.   They also assessed damages for the unlawful detention in the amount of $40.   Upon this verdict, judgment was rendered in the alternative for the recovery of the possession of the animals, or in case a return could not be had, for the value thereof, and for $40 as damages for the unlawful detention of the same.   It is now contended by the plaintiffs in error that, because there was no demand in the petition in the action for the value of the property, the giving of judgment in the alternative was error.   It was an ordinary action of replevin, and the petition was in the usual form.   The prayer of the petition demanded judgment for the possession of the property, for damages for detention, and the costs of the action.   The statute specifies the form of the judgment which must be entered in an action for replevin, and requires that it shall be entered in the alternative in such a case as this.   A failure to have rendered the judgment in the alternative would have been material error.   (*Hall v. Jenness*, 6 Kas. 356; *Ward v. Masterson*, 10 id. 77; *Babb v. Aldrich*, 45 id. 218.)

Another contention is, that the plaintiff below was not entitled to recover damages for the detention of the property. It is said that if, in lieu of surrendering the property, the defendants pay the value thereof, they should not be compelled

to pay any damages beyond what is authorized in actions of trover, to wit, interest. The statute imposes no such limitations, and specifically authorizes the judgment that was given. (Civil Code, § 185.) It expressly authorizes the allowance of damages for the wrongful detention when a judgment in the alternative is given, and manifestly proceeds upon the theory that the owner is entitled to the possession and use of the property withheld from him, and he ought to recover the value of such use as damages for its detention. (*Batchelor v. Walburn,* 23 Kas. 733; *Griffiths v. Wheeler,* 31 id. 17; *Clouston v. Gray,* 48 id. 31; *Yandle v. Kingsbury,* 17 id. 195; *Kennett v. Fickel,* 41 id. 211.) The judgment of the district court will be affirmed.

All the Justices concurring.