FIRST STATE BANK v. J. H. STEVENSON *et al.*

No. 12,816.    (70 Pac. 875.)

SYLLABUS BY THE COURT.

1. REPLEVIN—*Correction of Judgment.* Where the findings made
   in a replevin action entitle the plaintiff to a judgment in the alter-
   native, but through neglect or omission a judgment not in the al-
   ternative form is entered, it may be corrected thereafter, upon
   motion of the plaintiff.

2. ——— *Correction at Subsequent Term.* Such motion may be
   filed and the judgment corrected beyond the term at which it is
   entered, and at any time within three years after the rendition of
   such judgment.

Error from Graham district court; CHARLES W.
SMITH, judge.    Opinion filed December 6, 1902.
Modified.

*F. D. Turck,* and *Reed & Reed,* for plaintiff in error.

*H. J. Harwi, H. M. Baldwin,* and *G. W. Jones,* for
defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action of replevin by
the First State Bank to recover from J. H. Stevenson,
Bert Stevenson and G. H. Martin the possession of
195 head of cattle and 50 calves.    The interest of the
bank in the stock was a special one, arising under a
chattel mortgage given to secure a promissory note
executed by the defendants.    Under an order of de-
livery, the officer obtained possession of 117 of the ani-
mals.    The remainder of them he was unable to find.
Upon issues formed a trial was had, which resulted
in favor of the bank.

The court found that the indebtedness secured by
the mortgage was the sum of $4861, and that at the
commencement of the action the bank was entitled to

the immediate possession of all the property described in its petition, consisting of 89 head of cows, 4 bulls, 4 yearling calves, and 24 calves by the side of the cows, and also 79 other cows and 32 other calves, all of which were wrongfully detained by the defendants. It was found that the value of the first lot of cattle, to wit, those which were seized under the order of delivery, were of the value of $2661, and that the remaining number, those not seized, were of the value of $2200. After specifically finding the value of the plaintiff's interest, that it was entitled to the immediate possession of all of them, and that they were wrongfully detained by the defendants, the court adjudged a recovery of the possession of the first lot, and that, if a delivery thereof could not be. had from the defendants, the plaintiff should recover the value thereof, to wit, the sum of $2661. It was further considered, ordered and adjudged that the plaintiff recover from the defendants the value of the 79 cows and 32 calves not found by the sheriff, to wit, the sum of $2200.

This judgment was entered of record on September 25, 1900, and in the following May a motion was made to modify the judgment so that it should be in the alternative for the possession of the seventy-nine cows and thirty-two calves, or their value in case a delivery of the same could not be had, which motion was overruled. The modification of the judgment should have been made. Under the findings of the court, the plaintiff was entitled to a judgment in the alternative for the possession of the cattle not found, or the value thereof in case a delivery could not be had. In *National Bank v. Thompson*, 54 Kan. 307, 38 Pac. 274, the form of a judgment in replevin was under consideration, and it was said:

"It was an ordinary action of replevin and the pe-

tition was in the usual form. The prayer of. the petition demanded judgment for the possession of the property, for damages for detention, and the costs of the action. The statute specifies the form of the judgment which must be entered in an action for replevin, and requires that it shall be entered in the alternative in such a case as this. A failure to have rendered the judgment in the alternative would have been material error." (See, also, *Hall v. Jenness & Cohen*, 6 Kan. 356; *Ward v. Masterson*, 10 id. 77; *Babb v. Aldrich*, 45 id. 218, 25 Pac. 558.)

The findings contain all the requisites for the rendition of a proper judgment, and the neglect or omission in entering a judgment in the alternative may be corrected by motion.

It is not necessary that such motion should be filed at the same term at which judgment was rendered, but it may be filed afterward, at any time within three years after the rendition of the judgment. (Civil Code, §§ 568, 569, 575; *Sumner v. Cook*, 12 Kan. 162; *National Bank v. Dry-goods Co.*, 45 id. 510, 26 Pac. 56.)

The error of the trial court in refusing to modify the judgment does not require a new trial of the case. In *Ward v. Masterson*, supra, it was held to be sufficient to remand the case to the district court with directions to modify the judgment, so that it should be in the alternative for the delivery of the possession of the property, and, in case this cannot be had, for the recovery of the value. The order denying the motion will, therefore, be set aside and the cause remanded, with directions to enter judgment in the alternative, in accordance with the findings and the requirements of the statute.

All the Justices concurring.