ARCHIE HARVEY, *Appellee*, v. HENRY HARVEY *et al.*, *Appellants*.

No. 17,090.

### SYLLABUS BY THE COURT.

1. PUBLICATION SERVICE — *Sufficiency of Affidavit — Quieting Title*. An affidavit for service by publication is not required to state that the action is one of those mentioned in section 78 of the code, or that it is one of those in which service by publication can be made, but should state facts showing that the action is one in which such service is authorized, and this may appear by necessary inference from the facts stated.

2. ———— *Same*. An affidavit for service by publication which alleges that the action is brought to set aside and cancel a certain deed to the plaintiff's homestead in said county and state and to quiet her title in said homestead, that the defendant is a nonresident, that personal service of summons cannot be made upon the defendant in the state, and that the plaintiff has a just cause of action herein against the defendant, *held*, sufficient as against an attack by a suit to set aside the judgment brought more than three years after the judgment was rendered.

Appeal from Doniphan district court. Opinion filed November 11, 1911. Reversed.

44—85 KAN.

*Paschal & Dubach,* for the appellants.

*J. J. Baker, H. J. Pinkett,* and *R. F. Hayden,* for the appellee.

The opinion of the court was delivered by

PORTER, J.: On April 3, 1905, Charlotte A. Owens obtained a judgment in the district court against the appellee quieting her title to certain real estate. The only service of summons upon appellee was by publication. On September 19, 1908, appellee brought this action to set aside the judgment on the grounds, first, that it was obtained by fraud; second, that the affidavit for service by publication was void. The court found that the judgment was not obtained by fraud, but held the affidavit void, and gave judgment in appellee's favor, setting aside the former judgment. Of this ruling appellants complain. Omitting the caption and verification, the affidavit which the court held to be insufficient was in the following form:

"Charlotte A. Owens, of lawful age, being first duly sworn, on her oath alleges and says that she is the plaintiff in the above-entitled action. That said action is brought by her to set aside and cancel a certain deed to her homestead in said county and state, and to quiet her title in said homestead; that the defendant, Archie Harvey, is a nonresident of the state of Kansas, and that personal service of summons can not be had and made upon the defendant in the state of Kansas; that she has a just cause of action herein against the defendant, and that by reason of her poverty she is unable to give security for costs."

Among the actions in which section 78 of the code authorizes service by publication upon a nonresident defendant are "actions which relate to or the subject of which is real or person property in this state, where any defendant has or claims a lien or interest, actual or contingent, therein, or the relief demanded consists wholly or partly in excluding him from any interest therein."

Harvey v. Harvey.

It is provided in section 79 of the code that an affidavit must be filed stating the nonresidence of the defendant, the inability of the plaintiff to obtain service upon him within the state, and "showing that the case is one of those mentioned in the preceding section," and when such an affidavit is filed the party may proceed to make service by publication.

If the affidavit shows that the case is one of those mentioned in section 78 of the code it is sufficient, and the court erred in setting aside the judgment. The appellee insists that the affidavit must be held void because it does not show even by inference that the action is one of those mentioned in section .78. It recites that the purpose of the action is to set aside and cancel a certain deed to plaintiff's homestead in said county and state and to quiet her title thereto, and that she has a just cause of action against the defendant. It therefore shows affirmatively that the subject of the action is real property in this state, and by the plainest inference that the relief which the plaintiff demands consists in excluding him from any interest therein by setting aside a certain deed and by quieting her title to such real estate against him.

Indeed, it would seem that no other inference could be drawn from the recitals of the affidavit if we give to the language employed its usual and ordinary meaning. In *Gillespie v. Thomas*, 23 Kan. 138, an affidavit was held sufficient which recited that the action "relates to real property in said county of Osage, in the state of Kansas, in which property said defendant claims and has an interest; that the relief demanded (among other things) is the exclusion of said defendant from his interest to said real property." (Syl.) In the opinion it was said:

"All that such an affidavit is required to show is, that personal service can not be made on the defendant within the state, and that the action is one in which service by publication may be had. (Civil Code, Comp. Laws of 1879, p. 610, § 73.) The statute does not re-

quire that the affidavit shall make it 'appear that a cause of action exists against the defendant.' . . . Nor is the affidavit made for the purpose of giving information to the defendant as to the nature and character of the action brought against him. He must seek for such information in the notice and petition—especially in the latter." (pp. 139, 140.)

It is not intended that the affidavit should explicitly allege that the action is one of those in which service by publication can be made, or that it is one of those mentioned in section 78 of the code. Allegations of this character standing alone would be mere conclusions. What is required is that the affidavit shall show facts from which the law declares that the action is one in which such service is authorized, and this may appear by necessary inference from the statement of facts.

There is a further contention that the affidavit is void because the real estate is not described. Where the affidavit shows, as it does in this case, that the subject matter of the action is real property in this state, and in a county where the court sits, in what respect could the failure to describe the real estate defeat the jurisdiction? In *Sharp v. McColm*, 79 Kan. 772, 101 Pac. 659, the affidavit for publication was held sufficient against collateral attack which disclosed that the action was one to foreclose a real-estate mortgage. There was a misdescription of the land. It was held sufficient as against a collateral attack without describing the land, and that where there is a misdescription it may be ignored. In the opinion it was said:

"When the affidavit in question disclosed that the action was one to foreclose a real-estate mortgage, and to sell land under such mortgage, a sufficient basis for publication was established. A specific description of the land affected was not indispensable, and the misdescription may be rejected as surplusage. But if the misdescription be regarded the necessary jurisdictional facts still appear." (p. 775.)

The same rule should apply to the present case,

which, although not a collateral attack, was made more than three years after the judgment, and therefore not seasonably made. (Civ. Code, § 597; *National Bank v. Dry Goods Co.*, 45 Kan. 510, 26 Pac. 56; *Bank v. Stevenson*, 65 Kan. 816, 70 Pac. 875.)

The cause is reversed and remanded, with directions to enter judgment for the appellants.