Price v. Rucker.

---

No. 23,348.

R. P. PRICE, *Appellee,* v. BIRDIE RUCKER, *Appellant.*

SYLLABUS BY THE COURT.

1. PARTITION—*Nonresident Defendant—Sufficient Affidavit for Service by Publication.* An affidavit to obtain service by publication which states that the action is one for the partition of certain real property, and that the defendant is a resident of another state, and therefore the plaintiff is unable to procure personal service upon him, is sufficient although it does not show the interests of the parties in the land or that a cause of action exists against the defendant.

2. SAME  It is not necessary that the language employed in the statute relating to the nonresidence of the defendant or the inability of the plaintiff to secure actual service of summons upon him, be used in the affidavit. It is enough if the statements made substantially show the statutory foundations for service by publication.

Appeal from Sumner district court; OLIVER P. FULLER, judge. Opinion filed October 8, 1921. Affirmed.

*L. H. Finney,* of Wellington, for the appellant.

*W. W. Schwinn,* of Wellington, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the plaintiff for the partition of a tract of land in which it was alleged that he owned six-sevenths of the tract and that the remaining one-seventh was owned by the defendant. Service on the defendant was obtained by publication and no appearance having been made by the defendant the case was tried, and on April 20, 1920, the court found and decreed that the land was owned in the proportions alleged, that it should be partitioned, and commissioners for that purpose were appointed. Action was taken by the commissioners who reported that the land was impartible in kind without prejudice to the parties, and appraised its value at $22,000. The report was confirmed by the court on May 4, 1920, and three days later the plaintiff elected to take the tract at the appraised value. On May 25, 1920, the court awarded the land to plaintiff on payment into court of one-seventh of the valuation, $3,142.85, for the use of the defendant, and required plaintiff to pay six-sevenths of the costs, and the defendant the remainder. The sheriff was directed to execute a deed of the land to the plaintiff. The sum mentioned was paid into court and the deed to plaintiff was executed and delivered. On October 15, 1920, the defendant made a special appearance and moved the court to set aside the service by publication, alleging that it was unauthorized and void. The invalidity asserted was that the affidavit on which it was based fell short of the code requirements. The affidavit stated—

"That I am one of the attorneys for the plaintiff in the above entitled action and as such am authorized to make this affidavit. That plaintiff has commenced this action to have partition of the southwest quarter of section 12 and the east half of the northwest quarter of section 13-13-1 east of the 6th P. M. in Sumner county, Kansas.

"That the defendant, Birdie Rucker, is a nonresident of the state of Kansas, and is a resident of Johnson county, Texas, and her post-office address is Cleburne, Texas. The plaintiff is unable to procure personal service of summons upon the defendant and can only procure service of summons upon her by publication."

It is contended that the affidavit does not show that the action is one of those in which service by publication may be

Price v. Rucker.

made, that it fails to state the interest of the defendant in the land or anything as to the title, ownership or possession of it by either party. It does allege that the action is one touching real property and asks for the partition of the same, and under the code this is one of the cases in which service by publication may be made where the defendant is a nonresident of the state. (Civ. Code, § 78.) The code, among other things, requires that the affidavit shall show that the case is one of those in which service by publication may be made. (Civ. Code, § 79.) It is not necessary to set out the interest of the several parties or to show that a cause of action exists against the defendant. It is enough to state the statutory foundations for service by publication; that is, to state in general terms that the action is one relating to real estate, and that the defendant is a nonresident of the state, or that the plaintiff cannot by due diligence obtain service upon him within the state. (*Gillespie v. Thomas,* 23 Kan. 138; *Sharp v. McColm,* 79 Kan. 772, 101 Pac. 659; *Harvey v. Harvey,* 85 Kan. 689, 118 Pac. 1038.)

Defendant insists that the affidavit was defective in failing to state that the plaintiff was unable to procure personal service on the defendant "within this state." It is alleged that the defendant is a nonresident of Kansas, and is a resident of Cleburne, Tex., and that therefore personal service of a summons cannot be procured. It is not necessary that the statutory language be employed in the affidavit, but other terms conveying the same meaning may be used. The terms used in the affidavit are the equivalent of the expression that service of summons could not be had upon the defendant in this state. We conclude that the affidavit substantially contains the requirements of the statute and that the publication notice was sufficient.

The judgment is affirmed.