Robinson v. Schappert.

---

No. 26,487.

GEORGE L. ROBINSON, *Appellee,* v. (ERNA SCHAPPERT), REBECCA E. EUBANK and ERNEST L. EUBANK, *Appellants.*

SYLLABUS BY THE COURT.

PROCESS—*Service by Publication—Sufficiency of Affidavit—Amendment.* Rule followed that where an affidavit to procure publication service on nonresident defendants inferentially states all the prerequisite facts to justify such service, such affidavit is not void, but, at most, voidable only; and by leave of court such affidavit may be amended after judgment to recite specifically a jurisdictional fact which theretofore was fairly included by inference in the matters alleged in the affidavit.

Appeal from Linn district court; EDWARD C. GATES, judge. Opinion filed February 6, 1926. Affirmed.

*John A. Hall,* of Pleasanton, for the appellants.
*B. L. Sperling,* of Paola, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal raises a question as to the sufficiency of an affidavit to obtain publication service of summons on nonresident defendants in a suit to foreclose a second-mortgage lien on certain Linn county lands.

In plaintiff's affidavit, among the requisite facts required by the code to authorize service of summons by publication, one prescribed allegation of fact, probably inadvertently, was omitted, to wit: an allegation "that the plaintiff is unable to procure actual service of summons on such defendant or defendants within this state." (R. S. 60-2526.) Pursuant to publication service following the filing of this affidavit, judgment of foreclosure was rendered against defendants, their property sold, and the sale confirmed, subject to six

Process, 32 Cyc. pp. 476 n. 5, 536 n. 30; 21 R. C. L. 1294.

months' right of redemption, which would have expired on May 11, 1925.

On March 11, 1925, Ernest and Rebecca Eubank, defendants, filed motions to quash the publication service and to vacate the judgment of September 16, 1924. These motions were supported by affidavits showing that the moving defendants were and for some years had been residents of Kansas City, Mo., that they had no notice of the pendency of the foreclosure proceedings until sometime in January, 1925, and that the defendant Ernest, husband of Rebecca, had been ill and confined to his home and unable to look after business matters during part of January and February, 1925, and that Ernest had been in the state of Kansas during January, 1925.

On March 19, 1925, upon the hearing of defendants' motion to quash the service, plaintiff was given leave to amend his affidavit for service, which he did forthwith by interpolating the statutory recital which had been wanting in the original affidavit through which the publication service had been obtained. In the amended affidavit there was also inserted this additional recital:

"Affiant further says that the facts stated in this amended affidavit were true at the time of the verification and filing of the original affidavit for service herein on July 8, 1924."

Thereafter defendant's motions to quash the publication service and to vacate the judgment were overruled.

Judgment was entered accordingly, and defendants appeal, relying on the statute which, so far as here pertinent, reads:

"60-2526. Before service by publication can be made, an affidavit must be filed, stating the residence, if known, of the defendant or defendants sought to be served, . . . and that the plaintiff is unable to procure actual service of summons on such defendant or defendants within this state, . . . When such affidavit is filed the party may proceed to make service by publication." (Civ. Code, § 79.)

It may be quite correct that prior to the code revision of 1909, the affidavit filed in this case would be held so far defective that the service by publication based thereon would have been adjudged insufficient to confer jurisdiction and a judgment founded thereon might be void. (*Shields v. Miller*, 9 Kan. 390; *Grouch v. Martin*, 47 Kan. 313, and citations, 27 Pac. 985; *Lieberman v. Douglass*, 62 Kan. 784, 64 Pac. 590.) Since the code revision, however, adherence to the literal directions of the code is not so rigidly enforced as formerly. And indeed this liberality of judicial attitude is in defer-

ence to the mandate of the new code itself. (R. S. 60-3317.) Thus it has been held that where an affidavit inferentially states all the material facts required by the code, it is not wholly void, but is at most only voidable. (*Morris v. Robbins,* 83 Kan. 335, 111 Pac. 470.) Here, since the affidavit declared that the defendants were residents of Kansas City, Mo., and gave their street address thereat, "1215 E. Forty-fifth street," the inference was perfectly fair that defendants could not be actually served with summons within this state, although, of course, such personal service might by some conjectured possibility have been made in Kansas. (*Harvey v. Harvey,* 85 Kan. 689, 118 Pac. 1038; *Price v. Rucker,* 109 Kan. 605, 201 Pac. 74.) Moreover, it is also thoroughly settled that an affidavit to obtain service by publication may be amended (*Young v. Martin,* 96 Kan. 748, 153 Pac. 542) even after judgment. (*Harrison v. Beard,* 30 Kan. 532, 2 Pac. 632.) In *Long v. Fife,* 45 Kan. 271, 25 Pac. 594, it was held:

"Where an affidavit for publication inferentially, but insufficiently, sets forth a material fact which ought to be expressly stated, the affidavit, if otherwise good, will be held to be merely voidable, and if the fact inferentially and insufficiently stated was in existence at the commencement of the action, the trial court, even after judgment, may allow the affidavit to be amended concerning the matter so inferentially and insufficiently stated, and the affidavit so amended will relate back to the commencement of the action." (Syl.)

It follows that the errors assigned on the rulings of the trial court cannot be sustained; and in view of the fact that defendants filed nothing under R. S. 60-2530 to show they had a meritorious defense to plaintiff's action, there can be no fear that justice may have miscarried in this case.

The judgment is affirmed.