## UNITED STATES v. ZURINI.

### No. 1350.

United States District Court
D. Nebraska, Omaha Division.

Oct. 16, 1950.

Edward J. Tangney, Asst. U. S. Atty., Omaha, Neb., for petitioner.

Paul J. Garrotto and James A. Nanfito, Omaha, Neb., for respondent.

DONOHOE, Chief Judge.

On May 4, 1950, the respondent in this case filed a motion under Rule 60 of the Federal Rules of Civil Procedure, 28 U.S.C.A., to set aside a decree of this court, entered August 17, 1935, cancelling a certificate of Naturalization which had been issued to the respondent, Amadio Zurini. The decree of cancellation was entered in accordance with a decree pro confesso in the same matter entered June 21, 1935. The respondent contends that the decree is void because no service of process was had upon him and that consequently the court never acquired jurisdiction. More specifically, he contends that the attempted service did not comply with the Federal and State Statutes controlling service in this particular type of action. The statute authorizing service by publication in this case is Section 15 of chapter 3592, Act June 29, 1906, U. S. Statutes at Large, Vol. 34, page 601, which provides in part as follows: "In any such proceedings the party holding the certificate of citizenship alleged to have been fraudulently or illegally procured shall have sixty days personal notice in which to make answer to the petition of the United States; and if the holder of such certificate *be absent from the United States or from the district in which he last had his residence,* such notice shall be given by publication in the *manner* provided for the service of summons by publication or upon absentees by the laws of the State or the place where such suit is brought." (Emphasis added.)

The United States for the purpose of getting service by publication filed in this court an affidavit, by one of its attorneys, stating: "That this respondent shortly after being granted this certificate of Citizenship, as above set forth, went to Tarcento, Province of Undine, Italy, and has since been residing there, and is now residing there, and that the said respondent is now absent from the place of his last residence in the United States of America, and that he has no domicile in the United States, and has no place of residence in the United States of America, and service of process cannot be had upon him in the United States of America."

The court is called upon to determine whether the record establishes the necessary foundation for service by publication within the provisions of the above statute. The foundation or authority for publication (more exactly the situations in which service by publication is allowed) is found in the Federal statute; while the mechanism for its execution (this no doubt has to do with the place of publication, type of newspaper, form of notice, etc.) is found in the state provision. United States v. Sotis, 7 Cir., 1942, 131 F.2d 783. The federal requirement is that the respondent "be absent from the United States or from the district in which he last had his residence." In this regard it is necessary to observe that constructive service is in derogation of the common law; consequently, for the service to be effective there must be a strict compliance with the statutory requirements. Galpin v. Page, 18 Wall. 350, 85 U.S. 350, 21 L.Ed. 959. The court is of the opinion that the affidavit in this case sufficiently complies with the statute. Though it does not expressly state that the "respondent is absent from the United States"; no other conclusion can reasonably be drawn from the words of the affiant. His averment is that the respondent is now, and has been residing in Tarcento, Italy, and that service of process cannot be had upon him in the United States. Read in its entirety the affidavit clearly establishes the fact that the respondent was absent from the United States at the time service by publication was requested. It is not necessary for the affidavit to follow the exact wording of the statute. It is sufficient if enough is stated to show the facts necessary to be established by the affidavit. Grebe v. Jones, 15 Neb. 312, 315, 18 N.W. 81; Ortell v. Ortell, 91 Fla. 50, 107 So. 442; Price v. Rucker, 109 Kan. 605, 201 P. 74; Lausten v. Union National Bank of Bartlesville, 70 Okl. 173, 173 P. 823.

Since the United States laid the proper foundation for service by publication the question remaining is whether such notice by publication was given in the *manner* provided by the laws of the state where the

suit is brought. The statutes controlling this matter are set forth below:

"20-519. *Publication, How Made, Contents.* The publication must be made four consecutive weeks in some newspaper printed in the county where the petition is filed, if there be any printed in such county; and if there be not, in some newspaper printed in this state of general circulation in that county. It must contain a summary statement of the object and prayer of the petition, mention the court wherein it is filed, and notify the person or persons thus to be served when they are required to answer.

"20-520. *Service By Publication, When Complete, How Proved, Affidavit of Publication.* Service by publication shall be deemed complete when it shall have been made in the manner and for the time prescribed in the preceding section; and such service shall be proved by the affidavit of the printer or his foreman or principal clerk, or other person knowing the same." C.S.1929 Nebraska.

The affidavit of R. A. Talbot, publisher of the Daily Record, establishes the fact that the statute has been fully complied with, and that the service was complete on April 13, 1935. In view of this fact sixty days elapsed before the entry of either of the decrees in this case and the respondent's contention that the decree pro confesso, of June 21, 1935, was premature, and therefore void, is without merit.

The final contention of the petitioner is based upon the doctrine set forth by the United States Supreme Court in the Klaprott v. U. S. case, 335 U.S. 601, at page 612, 69 S.Ct. 384, at page 389: "Furthermore, because of the grave consequences incident to denaturalization proceedings we have held that a burden rests on the Government to prove its charges in such cases by clear, unequivocal and convincing evidence which does not leave the issue in doubt. Schneiderman v. United States, 320 U.S. 118, 158, 63 S.Ct. 1333, 1352, 87 L.Ed. 1796. This burden is substantially identical with that required in criminal cases—proof beyond a reasonable doubt. The same factors that caused us to require proof of this nature as a prerequisite to denaturalization judgments in hearings with the defendant present, apply at least with equal force to proceedings in which a citizen is stripped of his citizenship rights in his absence. Assuming that no additional procedural safeguards are required, it is our opinion that courts should not in [8 U.S.C.A.] § 738 proceedings deprive a person of his citizenship until the Government first offers proof of its charges sufficient to satisfy the burden imposed on it, even in cases where the defendant has made default in appearance."

Recognizing that this places upon the Government the burden of proving its case beyond a reasonable doubt even in cases where the defendant defaults, the court must determine whether this burden has been met. It should be noted at the outset that the case at bar is clearly distinguishable from the Klaprott case. In the latter case the naturalization proceedings were instituted on the ground that the applicant for citizenship had given a false oath of allegiance and no evidence was introduced to prove this fact. In this case the denaturalization proceedings were instituted on the ground that the respondent lacked the intention to become a permanent citizen and there is a specific statute setting forth what evidence shall be sufficient to prove this lack of intention. Paragraph 2, of Section 15, Chapter 3592, 34 Stat. 601, provides: "If any alien who shall have secured a certificate of citizenship under the provisions of this Act shall, within five years after the issuance of such certificate, return to the country of his nativity, or go to any other foreign country, and take permanent residence therein, it shall be considered prima facie evidence of a lack of intention on the part of such alien to become a permanent citizen of the United States at the time of filing his application for citizenship, and, in the absence of countervailing evidence, it shall be sufficient in the proper proceeding to authorize the cancellation of his certificate of citizenship as fraudulent, and the diplomatic and consular officers of the United States in foreign countries shall from time to time, through the Department of State, furnish the Department of Justice with the names of those within their respective jurisdictions who have such certifi-

cates of citizenship and who have taken permanent residence in the country of their nativity, or in any other foreign country, and such statements, duly certified, shall be admissible in evidence in all courts in proceedings to cancel certificates of citizenship."

The Government has in this case filed an affidavit by T. Monroe Fischer, Vice Consul at Trieste, Italy, in accordance with the foregoing provision, and by so doing, has sustained its burden of proof in this matter.

In view of the foregoing comments, the motion to set aside the judgment must be, and hereby is, overruled.