W. R. HILL et al. v. CHARLES ALEXANDER et al.

No. 32.

1. NOTE AND MORTGAGE, *Transfer of—Sufficient Petition.* A non-negotiable note and mortgage may be transferred by a mere oral assignment, followed by delivery; and a petition which alleges generally that the note and mortgage sued on were assigned and transferred to the plaintiff, without stating whether in writing or not, states facts sufficient to constitute a cause of action, and is not open to attack by an objection to the introduction of evidence.

2. HOMESTEAD, *Alienation of — Joint Consent Necessary.* The lien of a mortgage executed by the owner and his wife on the family homestead is not affected by a prior deed of conveyance executed by the husband alone, the wife not consenting thereto nor joining therein.

3. PLEADING AND PRACTICE—*Foreclosure—Cancellation of Deeds.* When the petition, filed in a case brought to foreclose a mortgage executed by the owner and wife on the homestead, alleges priority of the lien of the mortgage over the title or interest claimed under a deed previously executed by the husband alone, and a subsequent conveyance by the grantee therein, and prays that the mortgage be adjudged to be a prior lien on the land, and the only issue as to the validity of the deeds is joined between the holder of the mortgage and the grantees in said deeds, the court should not direct the cancellation of the deeds of record, but should merely give priority to the mortgage lien.

MEMORANDUM.— Error from Graham district court; CHARLES W. SMITH, judge. Action in foreclosure by Charles Alexander against J. C. B. Lewis, Nora Lewis, James A. Lewis, Farmers and Merchants' Bank, W. R. Hill, Lydia Hill, and James P. Pomeroy. Judgment for plaintiff in foreclosure and canceling conveyances from defendants Lewis to defendants Hill and from defendants Hill to defendant Pomeroy. The defendants W. R. Hill, Lydia Hill and James P. Pomeroy bring the case to this court. Modified. The facts are stated in the opinion, filed October 9, 1895.

*Z. C. Tritt,* and *H. M. Baldwin,* for plaintiffs in error.

*Fallas & Reville,* for defendant in error Charles Alexander.

The opinion of the court was delivered by

GARVER, J. : This was an action brought by Charles Alexander, plaintiff below, on a note and mortgage executed by J. C. B. Lewis and wife to G. W. Jones, and by Jones transferred to the plaintiff. The note was non-negotiable, and the petition alleged its execution by Lewis and the transfer by the payee, Jones, to Alexander. The plaintiffs in error claimed title to the premises under a deed executed by J. C. B. Lewis to W. R. Hill, and a deed from Hill to Pomeroy. These deeds were executed prior to the execution of the mortgage by Lewis and wife to Jones, but the wife of Lewis did not join in the conveyance to Hill.

On the trial of the case, Alexander's ownership of the note and mortgage was not disputed, and it was agreed that the only issue to be tried was whether the land described in the mortgage was, at the time of the execution of the deed from Lewis to Hill, the homestead of Lewis, and the deed consequently void because not joined in or consented to by Nora Lewis, the wife of J. C. B. Lewis. The court found generally in favor of the plaintiff below, and rendered judgment upon the note and for the foreclosure of the mortgage, and adjudged the deeds from Lewis to Hill and from Hill to Pomeroy to be null and void, and ordered them to be canceled of record.

The errors assigned are in overruling the objection made by Hill to the introduction of evidence on the part of the plaintiff, on the ground that the petition

did not state facts sufficient to constitute a cause of action in favor of the plaintiff, in directing a cancellation of the deeds to Hill and Pomeroy, and in overruling the motion for a new trial.

The only thing urged against the sufficiency of the petition is, that it contains only a general allegation of the assignment and transfer of the note to plaintiff without alleging that such transfer was in writing. We know of no law that requires a written transfer of a note, whether it be negotiable or non-negotiable, in order to vest title and the right to sue in the assignee who thus becomes possessed of it.   An oral assignment followed by delivery is all that is necessary. Even if a written assignment were required, the allegations of the petition were sufficient as against a mere objection to the introduction of evidence.

The whole trial proceeded upon the assumption that the plaintiff was the owner and holder of the note and mortgage sued on, and that the only matter in dispute was whether the mortgagor, Lewis, was the owner of the land when the mortgage was executed, or whether, by reason of the previous conveyance to Hill, a mortgage from Lewis created no lien.   Upon ample testimony, the court found that the land in question was, at the time of the execution of the deed to Hill, occupied as a residence by the family of the owner, J. C. B. Lewis; that his family consisted of himself, his wife, Nora Lewis, and a daughter; and that the wife did not join in, or in any manner consent to, such conveyance.   It necessarily follows from this finding that the lien created by the mortgage subsequently executed by Lewis and his wife to Jones was in no way affected or prejudiced by the prior deed to Hill.   The homestead can be alienated or conveyed

only by the joint consent of the husband and wife when that relation exists. (Const., art. 15, § 9.)

Did the court err in directing that the deeds be canceled of record? Lewis and wife made default in the case, and did not in any way attack the validity of the conveyance under which Hill and Pomeroy claimed title. Hill and wife conveyed to Pomeroy by a deed of general warranty purporting to convey the fee-simple title to the land free and clear of all incumbrances. Between them it certainly was a valid instrument, whatever may be its legal effect. Whether the deed from Lewis to Hill, under any circumstances, can be of any force and effect as between the parties to that instrument, or whether its validity may be open to further controversy between them, it is not now necessary to decide. The plaintiff did not in his petition ask for the cancellation of these deeds, but merely that the title or interest, if any, of Hill and Pomeroy be held to be inferior and subject to the lien created by the mortgage. This is, we think, as far as the court should have gone, and the order directing the cancellation of the deeds of record should not have been made.

The judgment will be affirmed, except as to that part which directs the cancellation of the deeds to Hill and Pomeroy. In that respect the judgment is modified, and the trial court directed to enter the judgment so as to conform to the views expressed in this opinion.

All the Judges concurring.