THE SINGER MANUFACTURING COMPANY, *Appellant*, v.
F. C. GODDING et al., *Appellees*.

No. 18,103.

SYLLABUS BY THE COURT.

REPLEVIN—*Walnut Logs—No Completed Sale Proven.* Where,
in an action in replevin, the plaintiff fails to show a completed
sale to himself or to show any other right to the possession
of property, he can not recover in the action.

Appeal from Butler district court.   Opinion filed
April 12, 1913.  Affirmed.

*S. B. Amidon, Jean Madalene,* both of Wichita, and
*H. W. Schumacher,* of El Dorado, for the appellant.

*George J. Benson, T. A. Kramer,* both of El Dorado,
and *G. H. Buckman,* of Winfield, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This action was brought by the appellant
to recover possession of a certain lot of walnut logs
which appellant claimed it had bought of appellee
Godding.   The logs were taken under the writ of re-
plevin and were delivered to the appellant.   The case
was tried to a jury, which returned a verdict in favor
of defendant Godding, and the value of the logs was
assessed therein at $1754.21.   Judgment was rendered
in accordance with the verdict, and it was further
ordered that if the return of the property could not be
had, that defendant Godding recover this sum of money
from plaintiff with interest at six per cent thereon from
the date of the judgment.   It was also adjudged that
appellee State Bank of Winfield had a mortgage lien on
the logs in the sum of $359.50, and in case the judg-
ment in favor of Godding was collected the clerk should
pay to the bank from the proceeds thereof the amount
of its lien.

The contract, as shown by the evidence, was made

about three years before the controversy over the logs arose. It was simply a contract of the appellant to buy walnut logs of Godding at certain prices, varying for different sizes, and seems to have been indefinite as to the amount of logs to be bought and as to the time it was to run. Godding thereafter got out logs at different places and piled them up at places agreed upon. He and a representative would thereafter scale a desired lot or lots of logs, and the company's representative would identify them by a stamp driven against the end of each log which indented the letters "S. M. C." thereon.

The lot of logs in question had been piled up at Chelsea, Butler county, about two years prior to the scaling thereof by Godding and the company's representative. Two or three representatives of the company, together, had scaled this lot of logs in the absence of Godding. Godding thereafter informed a representative of the company that he had scaled the logs when they were piled up and that his scale made much more of the lumber than did the scale as reported by the company's representatives. Thereafter another representative of the company and Godding scaled the logs, without any controversy as to the amount except that Godding claimed he had been selling logs soon after they were cut, that these logs had laid out about two years and had shrunken in diameter but not in length; that the shrinkage not only reduced the amount of feet in measurement but also reduced the price per thousand feet. He claimed an addition of ten per cent to the scale by reason thereof. The representative declined to make the allowance but said he would refer the matter to Mr. Norman, another representative of the company, who, Godding said, had agreed to make the allowance. These logs were not stamped and the controversy in reference to the allowance for shrinkage, it appears from the evidence, was not settled nor the allowance made.

The stamping of the logs appears to have been the method by which the identification of the logs sold was determined. By placing the stamp upon the logs it seems to have been intended that the title thereto passed from Godding to the company and identified such logs from other logs owned by Godding.

It was conceded that the railway company had no interest in the controversy, and the jury returned a verdict in favor of Godding and the bank, which verdict was approved by the court.

We have examined all the questions upon which the appellant claims error and find no merit in them. The main question is purely one of fact—whether the title or right of possession of the logs had passed. The appellant claimed no right to the possession of the property except by purchase from appellee Godding. It failed to show a completed purchase. The sum to be paid for the logs had not been agreed upon between the parties but depended upon the allowance or refusal to allow the claim of appellee Godding for shrinkage. The evidence was ample to sustain the verdict and judgment.

The judgment is affirmed.