No. 20,236.

B. O. STONE, *Appellant,* v. S. E. PUGH et al., *Appellees.*

SYLLABUS BY THE COURT.

1. MOTION—*Judgment on Pleadings and Statement—Appeal Taken Too Late.* Alleged error in sustaining a motion for judgment on the pleadings and opening statement is not considered for the reason that the appeal was not perfected within six months from the rendition of the judgment.

2. REPLEVIN—*Judgment Entry—Omissions — Correction — Presumptions of Regularity.* In a replevin action a motion for judgment in defendant's favor on the pleadings and opening statement was sustained. The stenographic notes of the proceedings recited that the court sustained the motion and directed judgment against the plaintiff for costs. The journal entry of judgment, filed the next day, and approved by the court and the parties, recited merely a judgment in favor of the defendant and against the plaintiff for costs. At a subsequent term the court sustained a motion of defendants to correct the journal entry of judgment to show a judgment in defendant's favor for the return of the property. *Held,* that every presumption is in favor of the regularity of the proceedings of the trial court, and it will therefore be assumed that the only purpose for ordering the journal entry corrected was that it failed to state the judgment which the court actually rendered.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion filed November 11, 1916. Affirmed.

*H. L. Humphrey,* and *C. E. Rugh,* both of Abilene, for the appellant.

*George L. Davis,* of Clay Center, for appellee W. E. Keener.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sold a stock of implements and hardware to one of the defendants. A few days thereafter, claiming that the sale had been procured by false and fraudulent representations of the defendants, he brought this action to replevin the stock. At the close of the opening statement of the plaintiff's counsel, defendants moved for judgment on the pleadings and statement. The court sustained this motion. The stenographic notes of what occurred at the time show that the court stated, in substance, that under the well-settled rules

applying to such cases the petition, supplemented by the statement, disclosed that there was no cause of action. The court then used this language: "and the motion for judgment upon the pleadings and upon your statement may be sustained, and judgment for costs rendered against the plaintiff and the jury discharged."

The first contention raised by the appeal, which is that the court erred in its construction of the petition, and the statement can not be considered for the reason that the appeal was not perfected until more than six months from the rendition of the final judgment.

The judgment was rendered on the 25th day of September, 1914. The journal entry of judgment, approved by the judge and by counsel for both parties, was filed the day following. It merely recites that the court sustained the motion of the defendants, and adjudged that "defendants have and recover of and from said plaintiff judgment for the costs of this action."

At the next term of court the following motion was filed:

"Come now said defendants and move the court for an order modifying and correcting the journal entry of judgment heretofore entered in this cause by inserting therein a judgment decreeing the said defendants to be entitled to the possession of the personal property described in said plaintiff's petition, and adjudging that said defendants recover said property from said plaintiff, or that they have judgment for the value thereof.

"These defendants represent that, by inadvertence and oversight, the judgment rendered in said cause at the September term of this court omitted the above provisions, and that said journal entry should be modified and corrected as above indicated."

At the January, 1915, term of the court this motion came on to be heard, and the journal entry of the proceedings had at that time recited that the motion was "To correct the journal entry of judgment heretofore entered herein on the 25th day of September, 1914, by providing therein that the defendants have judgment for the return of the property in controversy in said action or for the value thereof"; further, that after hearing the motion and the arguments thereon, the court finds: "that said motion should be allowed and the original journal entry of the judgment rendered by this court on the 25th day of September, 1914, should be and is hereby

amended as asked for in said motion so as to show judgment rendered for the return of the property taken by writ of replevin and delivered to plaintiff, to the defendant, S. E. Keener."

The order for the amendment of the journal entry was thereupon entered. The plaintiff appealed from the order, and makes the contention that the ruling was error because it was in effect an additional judgment in favor of the defendants and not a mere correction of the journal entry of what occurred at the original trial. It is stated in the brief that it was not claimed in the motion nor at the hearing that there had been any error, omission, or mistake of the clerk in entering the judgment, but that "by inadvertence and oversight the judgment rendered in said cause at the September term of this court omitted the above provisions."

We construe the proceedings of January 21, 1915, differently. When the court found that the motion should be allowed and the original journal entry of judgment corrected and amended as asked for in the motion, "so as to show judgment rendered for the return of the property," we think the court intended thereby to determine that on the 25th day of September a judgment had been rendered for the return of the property, and that a recital thereof was inadvertently omitted from the journal entry.

The record fails to disclose what the attitude of the plaintiff was at the hearing of the motion, except that he objected to the order. He might have introduced evidence, by affidavit or otherwise, to call the attention of the court to the fact, if it were a fact, that no judgment of that kind had been entered or referred to; but apparently this was not done. Of course the court had no power at the subsequent term to amend the judgment actually rendered at the previous term. (*Chapman v. Irrigation Co.,* 75 Kan. 765, 90 Pac. 284.) If the record disclosed that in fact no judgment in defendants' favor for the return of the property was rendered at the previous term, plaintiff would be right in his contention and he would be entitled to a reversal of the ruling complained of. It has been repeatedly held that whenever the attention of the court is challenged to a mistake of the clerk or of parties who prepared the original entry of a judgment by which the judgment actually ren-

Stone v. Pugh.

dered is erroneously entered, or where for any reason the entry of judgment fails to speak the truth and to show the judgment rendered, the court has the power, and it becomes its duty to order the journal entry corrected so that it does speak the truth; and the court's power and duty in this respect extend beyond the term at which the original judgment was rendered. (*Christisen v. Bartlett,* 73 Kan. 401, 84 Pac. 530; rehearing denied, 404; 85 Pac. 594.) And the court "upon its own knowledge of the facts, and without notice to anyone, may at any time make its records speak the truth and show what had actually been done at some earlier date, even where no immediate entry was made regarding it." (*Calhoun v. Anderson,* 78 Kan. 746, 747, 98 Pac. 274.)

Plaintiff, however, relies wholly upon the language used by the court at the time the motion for judgment was sustained (as shown by the stenographic notes). If these correctly state all that occurred at the trial they would seem to bear out his contention that defendants asked nothing further, and that the court granted nothing more than a judgment against the plaintiffs for costs. We must assume, however, that the court would not have ordered the journal entry amended and corrected if it spoke the truth as it read, and that the only purpose for ordering it corrected was that it failed to state the judgment which the court did render on the 25th day of September. Every presumption is in favor of the regularity of the proceedings of the trial court.

The judgment will be affirmed.

DAWSON, J. (dissenting) : While it is fundamental that a court has power at any time to correct the judgment record to make it speak the truth and to make it state precisely what judgment was in fact rendered, yet this does not carry with it the power to render a different or additional judgment. In this case the defendants' motion admitted in specific terms that no judgment ever had been rendered on the matters which they sought to have incorporated in it by amendment. That is not a mere correction of a judgment record, but the making of a new, different and supplemental judgment. I therefore dissent.