No. 20,769.

THE OKLAHOMA STATE BANK, *Appellant,* v. O. P. HICKLIN, as Marshal, etc., *Appellee.*

SYLLABUS BY THE COURT.

1. REPLEVIN—*Car of Wheat — Bill of Lading Transferred — Title and Ownership of Wheat Determined.* The plaintiff acquired the title to a car of wheat by the payment of a draft with the bill of lading attached and shortly afterwards transferred the same to another bank. Payment of the draft being refused by the purchaser of the grain, the draft and bill of lading were reassigned to the plaintiff. Before that time the wheat had been attached by a third party. Upon the retransfer of the bill of lading to the plaintiff, which in the meantime had gained possession of the wheat, plaintiff sold and transferred it to another party and under that transfer the wheat was delivered. After the latter transfer the plaintiff brought an action of replevin against the officer who had levied the attachment upon the wheat. *Held,* that the plaintiff having transferred its interest in the wheat before its action was commenced, it was not entitled to recover possession of it.

2. SAME—*Title to Property Transferred After Attachment.* The fact that an attachment had been levied on the wheat did not prevent an effectual transfer of whatever interest the plaintiff had in the grain by the transfer of the bill of lading.

3. SAME—*Judgment in Replevin—Modified at Subsequent Term.* When the plaintiff which had obtained possession of the property replevied fails to show a right to its possession the defendant is entitled to judgment in the alternative for the return of the property, or the value thereof if a return can not be had, and where through inadvertence a general judgment in favor of the defendant is rendered at the end of the trial instead of in the alternative, it may be corrected and proper judgment entered on the motion of the defendant after the term at which it was first rendered.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed April 7, 1917. Affirmed.

*T. A. Noftzger, George Gardner,* and *George W. Cox,* all of Wichita, for the appellant.

*J. Graham Campbell,* and *Ray Campbell,* both of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The Oklahoma State Bank, of Sentinel, Okla., brought a replevin action in the district court against O. P. Hicklin, marshal of the Wichita city court, to recover possession of a car of wheat held by the marshal under a writ of attachment in another action. No redelivery bond was given by defendant. The trial court sustained a demurrer to the plaintiff's evidence and rendered judgment in defendant's favor on December 21, 1915, for costs. Upon motion of defendant filed March 7, a *nunc pro tunc* judgment was entered on April 8, correcting the former judgment so as to decree a return of the property to the defendant, or its value. Plaintiff appeals.

Plaintiff alleged that it was the absolute owner of the property, but the following facts were disclosed by its evidence: W. H. Titus, of Sentinel, who did business as the Orient Coal & Grain Company, shipped the car of wheat from Sentinel to the Hacker Grain Company of Wichita. A draft on the grain company for the value of the wheat, about $1500, with the

bill of lading attached, was turned over to the plaintiff bank, which credited Titus' account with the amount. Plaintiff forwarded the draft and bill of lading to a bank in Kansas City, and on September 2, 1915, that bank credited the plaintiff's account there with the amount of the draft. The Kansas City bank then sent the draft to a Wichita bank, where it was presented to the Hacker Grain Company, which refused payment. The draft was returned to the Kansas City bank which, upon instructions from the plaintiff, returned it to Wichita with instructions to reduce it to the extent of $75. Payment being again refused, the draft was returned to the Kansas City bank on September 8, and it was returned to the plaintiff bank about September 10 and its account was debited with the amount of the draft. On September 10 the plaintiff sold the car of wheat to the Higgins Grain Company at Lone Wolf, Okla., where the bill of lading, with a new draft attached, was sent, and plaintiff received credit therefor. The date of the attachment by the marshal was September 7; this action was commenced September 13, and it appears that the only demand made prior to the commencement of the action was made by the bank's attorney in the name of the First National Bank of Clinton, Okla.

The marshal, who took possession of the wheat under the order of attachment, was entitled to recovery in the action unless the ownership and right of possession was in the plaintiff when its action was begun. The only demand upon the marshal for the possession of the wheat was made in behalf of the First National Bank of Clinton, Okla., and that bank is making no claim to the possession of the wheat. The ownership of the wheat was transferred in each instance by the transfer of the bill of lading. Plaintiff acquired the wheat in the first instance by such a transfer, and when the bill of lading was reassigned and returned to plaintiff it transferred that bill of lading and all the interest it had in the wheat to the Higgins Grain Company, who in turn sold it to the Kemper Grain Company, and the wheat was actually delivered to that company on September 18. It is conceded that ordinarily the transfer of a bill of lading operates as a transfer of the property mentioned in it, but it is claimed that the transfer having been made without knowledge of the seizure of the wheat, the ownership did

not pass. The transfers were made in the customary way, and physical control of the wheat was not necessary to a valid transfer of it. The interruption of the shipment or the seizure of the wheat by a third party did not prevent the transfer of whatever interest the plaintiff had by the transfer of the bill of lading. It acquired the ownership of the wheat by the transfer of the bill of lading, and it parted with it by the same process. In this action the question was whether the plaintiff was the owner and entitled to the possession of the wheat when the action was begun. It had no right to the possession of the wheat on September 7, when it was attached by the defendant, because the bill of lading had not then been transferred back to it, and when the replevin action was brought on September 13 it had already sold its interest in the wheat and had no right to its possession. That sale was sufficient to effectually pass its interest to the transferees, and no claim is made by them that the transfer is invalid and the plaintiff is in no position to contest the validity of the sale it made. It is not important to inquire as to the rights acquired by the defendant under the attachment. It is enough if it appears from the evidence that the plaintiff was not entitled to the possession of the property when its action was begun. (*Kennett v. Fickel,* 41 Kan. 211, 21 Pac. 93; *Manufacturing Co. v. Godding,* 89 Kan. 396, 131 Pac. 572.)

The judgment, which it appears was first rendered for costs only, was modified so as to require the return of the wheat or its value, and of this complaint is made. The correction was made after the term at which the judgment was rendered. This is permissible under the third subdivision of section 596 of the civil code. (*Martin v. Miller,* 97 Kan. 723, 156 Pac. 709; *Stone v. Pugh,* 99 Kan. 38, 160 Pac. 988.) As no redelivery bond had been given, and the plaintiff had failed to show a right to the possession of the wheat obtained under the writ of replevin, the defendant was entitled under the statutes to a judgment in the alternative for a return of the wheat or the value thereof in case a return of the property could not be had. (Gen. Stat. 1915, §§ 7077, 7080; *National Bank v. Thompson,* 54 Kan. 307, 38 Pac. 274.) There is a contention that the judgment could not be modified after the term of court at which it was rendered, but it has been held that if the judg-

Easdale v. Railway Co.

ment in replevin is not rendered in the alternative as the statute requires the court may modify and correct it after the term at which it was rendered. (*Bank v. Stevenson*, 65 Kan. 816, 70 Pac. 875.)

There are other criticisms of the rulings of the court, but we find nothing substantial in them. The judgment is affirmed.