No. 32,409

THE STATE RESERVE BANK OF WICHITA, *Appellant,* v. JESSIE M. DANIELS et al., *Appellees.*

(51 P. 2d 1009)

Opinion filed December 7, 1935.

*P. D. Gardiner, John W. Blood* and *F. W. Prosser,* all of Wichita, for the appellant.

*George McGill, H. C. Castor, Victor J. Rogers, Eli Eubanks* and *A. M. Buzzi,* all of Wichita, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this action involves the ruling of the trial court in sustaining the motion of the defendants in a foreclosure action to set aside the judgment, the order of sale and the confirmation thereof under R. S. 60-3009 because the judgment was void.

The judgment was rendered on August 20, 1932, and the motion to set the same aside as void was filed July 20, 1934. The note and mortgage involved had been executed by a husband and wife in the usual manner. The husband died and left surviving him his wife and one daughter, Charlotte, who was of age at the time the fore-closure petition was filed. The wife and daughter were both made parties defendant and were both personally served with summons.

The petition asked personal judgment against the wife, as she had signed the note with her husband, and also asked that the judgment be decreed a first lien upon the property covered by the note, and that the claims, rights or interest of both defendants be decreed to be subject and inferior to that of the plaintiff. In other words, only a judgment in rem was asked against the daughter.

The wife and daughter filed an answer, and by mistake a personal judgment was rendered against the daughter as well as against the wife. The property was sold by the sheriff under order of sale, and the sale was confirmed. Nearly two years after the rendition of the judgment the following motion was filed by both the wife and the daughter:

"MOTION

"*First:* Come now the defendants and move the court to set aside as to each of them, the judgment rendered on the 20th day of August, 1932, against them in this action for the reason that the said judgment is erroneous and void and the court did not have jurisdiction to render the same.

"*Second:* Defendants further move the court to set aside the order of sale issued to the sheriff of Sedgwick county, Kansas, on the 31st day of August, 1932, in this action, and also to set aside the purported sheriff's sale made under said order of sale on the 5th day of October, 1932, for the reason that said order of sale and said purported sheriff's sale were based upon a void judgment.

"*Third:* Defendants further move the court to set aside the order of con-firmation made on the 15th day of October, 1932, for the reason it purports to confirm a sale that was never made, and for the further reason that the purported sale was based upon a void order of sale and a void judgment."

The following are two paragraphs of the journal entry of the ruling of the trial court on this motion:

"That thereafter on the 26th day of October, 1934, the court rendered its decision and final order upon the motion and made findings as follows:

" 'The first paragraph of defendant's motion as it relates to Jessie M. Daniels is overruled, and is sustained as to Charlotte Sedonia Daniels; and is sustained as to the second and third paragraphs of said motion.'

"It is, therefore, considered, ordered and adjudged by the court that the first paragraph of defendants' motion as it relates to the defendant, Jessie M.

Daniels, should be, and the same is hereby overruled, and that the personal judgment against the defendant, Charlotte Sedonia Daniels, should be, and the same is hereby set aside and held for naught."

The next two paragraphs sustain the last two parts of the motion and set aside the order of sale and the order of confirmation.

It is frankly conceded by appellant that no personal judgment should have been rendered against the daughter, and in its reply brief appellant substantially admits that such personal judgment against the daughter was void to that extent and could be reached under R. S. 60-3009, but insists that only that part of it is irregular or void and it should not affect the proceedings which followed, as the order of sale and the confirmation of sale would be just the same under a judgment in rem against the daughter as under a personal judgment, except the deficiency judgment, and that would be entirely disposed of by the setting aside of the personal judgment against the daughter, as was done by the trial court in the portion of the journal entry above quoted. Under R. S. 60-3009 if the judgment is void it can be vacated at any time.

In the case of *Hardcastle v. Hardcastle,* 131 Kan. 627, 628, 293 Pac. 391, it was held that "this court has ample authority to modify the judgment as to the portion which is void under the provisions of R. S. 60-3009."

A very similar case is that of *Gille v. Emmons,* 58 Kan. 118, 48 Pac. 569, where the wife did not sign the notes with her husband, but did execute the mortgage. The journal entry of judgment showed the rendition of a personal judgment against the wife as well as the husband, and the court held:

"A judgment entirely outside the issues in the case and upon a matter not submitted to the court for its determination, is a nullity; and may be vacated and set aside at any time upon motion of the defendant." (Syl. ¶ 1.)

In *Insurance Co. v. Carra,* 101 Kan. 352, 166 Pac. 233, the land included in the mortgage being foreclosed was in two different counties. The sale as to one part was void and it was held could be set aside at any time, but as to the other land it was not error to refuse to set aside the judgment.

In the early case of *Challis v. Headley,* 9 Kan. 684, it was held:

"On the hearing of a motion to set aside as void a decree in a suit to foreclose a mortgage after service by publication, only those reasons stated in the motion are proper subjects of consideration.

"That such a decree contains a personal judgment for money, even if unauthorized, would not avoid the order of foreclosure and sale.

"Where a motion is made to set aside an entire judgment, if any portion is valid and regular the motion should be overruled.

"On a motion to set aside a judgment as void, no inquiry can be made into the validity of the subsequent proceedings." (Syl. ¶¶ 1-4.)

Many other cases are cited, but the test as to whether or not such a judgment is void in any particular is the issues formed by the pleadings. There was no issue in the pleadings in the case at bar as to any indebtedness of the daughter. It was not so pleaded or claimed by the plaintiff and there was no issue on which a personal judgment against her could be based. In this way this case is distinguishable from the case of *Skaer v. Capsey*, 127 Kan. 383, 273 Pac. 464, and other cases cited in this connection. The first part of the journal entry as to sustaining the motion as to the judgment against the daughter might be considered as covering the judgment in rem as well as the personal judgment, but the trial court in the next paragraph of the journal entry makes it clear by limiting the sustaining of the motion as to the judgment against the daughter to the personal judgment by stating "that the personal judgment against the defendant, Charlotte Sedonia Daniels, should be, and the same is hereby set aside and held for naught."

There is no reason assigned why the judgment as to the order of sale and the confirmation thereof should be set aside except that they follow a void judgment, which would be sufficient if no part of the judgment was valid. But here there remains a perfectly valid judgment in rem against the daughter, and in addition a good personal judgment against her mother.

Attention is directed to an apparent confusion of names of plaintiff bank and other banks said to have been in the process of merger, one of which was the purchaser at the sheriff's sale and one said to be acting as trustee. But none of these matters affect the rights of the defendants. There is no suggestion of having to pay the obligation a second time, or losing any right or privilege by reason of the other banks becoming interested in the property or the judgment, and without such risk or danger the rights of the defendants are not affected and such confusion of names will not be a cause for setting aside the judgment, order of sale or the decree of confirmation.

As to the ruling on the judgments against the wife and daughter, the action of the trial court is affirmed, but in setting aside the order of sale and confirmation thereof it is reversed.