## No. 33,279

The Penn Mutual Life Insurance Company, *Appellee*, v. Elroy Warner and Flo Warner, *Appellants*.

(66 P. 2d 598)

Opinion filed April 10, 1937.

*D. W. Eaton,* of Wichita, for the appellants.

*Dean McElhenny, Philip C. Gault,* both of Topeka, *R. T. McCluggage* and *Clem H. Silvers,* both of El Dorado, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an appeal by defendants from an order of the court correcting an error in the entry of its judgment in an action to foreclose a mortgage on real property and setting aside a sheriff's sale based upon the erroneous entry.

In March, 1934, plaintiff brought this action against Elroy Warner and wife for judgment on their note for $22,000 and to foreclose a mortgage on 560 acres of land executed by them to secure the payment of the note. They were personally served with summons. Other parties, made defendants, are not appearing on this appeal. The mortgaged land was described as follows:

"Northwest fractional quarter of section 3, except a strip of land beginning at the southwest corner 20 feet wide and 82 rods long along the south line of quarter; also the northeast quarter of section 3, except such part of said quarter as lies east of the Little Walnut river, and the southeast quarter of section 10, and the south half of the southwest quarter of section 10 all in township 29, range 4 east of the 6th p. m."

From this description it is obvious that the Little Walnut river runs through the northeast quarter of section 3 in such a way that

part of the area of the quarter section lies east of the river and part of it west of the river. The part of the quarter section owned by the mortgagors and included in the lien of the mortgage was that part lying west of the river. The land included in the mortgage was properly described in the petition filed in the action and in the copy of the mortgage attached to the petition. On July 2, 1934, none of the defendants having pleaded or otherwise appeared in the action on a trial before the court, judgment was rendered for plaintiff for the amounts due upon the note and for the foreclosure of the mortgage and for the sale of the mortgaged premises. In entering this judgment, through some inadvertence or error, the mortgage lien was described as being on that part of the northeast quarter of section 3 east of the Walnut river, omitting that part of the quarter section west of the river. This error was not discovered at once. In due time an order of sale issued, and at the sheriff's sale plaintiff bid the full amount of its judgment, interest, costs and taxes on the land, and the sale was confirmed August 27, 1934. This order of sale and all the proceedings thereunder followed the erroneous description of the entry of the judgment. Apparently no one discovered this error until the eighteen-months period of redemption had about expired.

In December, 1935, plaintiff filed two motions in the case. One of them was to have the court make an order to correct the erroneous entry of its judgment. This motion was presented to the court and was sustained December 31, 1935. While appellants make some complaint of this ruling, they took the appeal more than six months (G. S. 1935, 60-3309) after it was made and it is not before the court. More than that, there was nothing wrong with the ruling. (*Stone v. Pugh,* 99 Kan. 38, 160 Pac. 988; *Perkins v. Ashmore,* 144 Kan. 540, 61 P. 2d 888.)

Plaintiff also filed a motion which recited the principal facts above mentioned and asked the court for an order directing the clerk and sheriff to correct the order of sale, return thereon, and certificate of purchase so as to show the proper description of the real property, or, in the alternative, to set aside the sale and all proceedings relating thereto and decreeing the sale of the real property in accordance with the corrected decree of the court. This motion came on for hearing in June, 1936, at which time defendants appeared by counsel for the first time in the action. After a hearing the court found that because of the misdescription re-

sulting from the inadvertent substitution of the word "west" for the word "east" the order of sale and proceedings had thereon should all be set aside and held for naught, and that the clerk of the court should be directed to issue an alias order of sale. An order was made in accordance with this finding. It is from this order the appeal is taken.

Appellants contend the court was without authority in June, 1936, to set aside its order made in August, 1934, confirming the sheriff's sale, for the reason that the term of court at which such order was made had passed and several terms of court had intervened, citing *Moore v. McPherson,* 106 Kan. 268, 187 Pac. 884; *Schubach v. Hammer,* 117 Kan. 615, 232 Pac. 1041; *J. B. Colt Co. v. Clark,* 125 Kan. 722, 266 Pac. 41; *Thornton v. Van Horn,* 140 Kan. 568, 37 P. 2d 1015, and *Drury v. Drury,* 141 Kan. 511, 41 P. 2d 1032. These cases announce and apply the well-settled rule that a trial court has control over its judgment during the term at which it was rendered, and in its discretion may modify or set aside the judgment within such term, but that such discretionary power does not exist after the term of court has expired, and authority must be found in the statute to set aside a judgment after the term. These authorities are not in point. In June, 1936, the court was not exercising its discretionary power to set aside the order of confirmation made in August, 1934. That sale and order of confirmation were void, for the reason that they were based upon an invalid entry of a judgment. When the court rendered judgment upon the note and for the foreclosure of the mortgage given to secure it no one contends that the court really rendered a judgment foreclosing the mortgage upon some other lands. No pleadings before the court would have sustained such a judgment. The entry of the judgment with the wrong description was in fact void for the lack of any proper pleading upon which to base it. It necessarily follows that the order of sale, the sheriff's return thereon, and the order of confirmation, insofar as they pertained to the land described, are void. Certainly they were void insofar as they pretended to decree the foreclosure upon the land in the northeast quarter of section 3 east of the Walnut river. Perhaps the decree of foreclosure was valid as to part of the land described therein, but the order of sale returned thereon and the order of confirmation made no attempt to segregate the valid from the invalid portion of the entered decree, nor was there any attempt to do so in June, 1936.

See *State Reserve Bank v. Daniels,* 142 Kan. 694, 51 P. 2d 1009, where the judgment in rem was valid while that in personam was void. There the setting aside of the void part of the judgment did not justify setting aside the sheriff's sale and its confirmation, since they were based upon a valid judgment in rem. But that is not true here. In this case the entered judgment in rem is the part of the judgment that was void. It is an axiom that a void judgment may be set aside at any time, and our statute specifically so provides. (G. S. 1935, 60-3009.) The order of June, 1936, required a second sale of the property, which we are advised was had in July of that year, giving to the defendants in the action an additional eighteen months in which to redeem. To this extent it was advantageous to them and they should not complain. We also note this is an action in equity to foreclose a real-estate mortgage, and the trial court of necessity retained some jurisdiction of it, irrespective of terms of court, until the deed is issued. (*Johnson v. Lindsay,* 27 Kan. 514.) In *Clark v. Nichols,* 79 Kan. 612, 615, 100 Pac. 626, it was said: "The sale and redemption are in a sense parts of the foreclosure proceeding."

We find no error in the record. The judgment of the court below is affirmed.