No. 35,106

PENN MUTUAL LIFE INSURANCE COMPANY, *Plaintiff*, v. FRED TITTEL et al., *Appellants* (C. W. SHAFFER et al., *Appellees*).

(111 P. 2d 1116)

Opinion filed April 12, 1941.

*J. C. Ruppenthal,* of Russell, for the appellants.

*George W. Holland, Clifford R. Holland* and *Herbert N. Holland,* all of Russell, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This was an action to foreclose a real-estate mortgage. There was a decree of foreclosure, a sheriff's sale, and the property was redeemed from the sale. The present controversy arises between classes of defendants and involves the duty of one class to contribute to the cost of redemption, and also involves the question of their present interest in the property.

The pertinent facts may be stated briefly as follows: On November 1, 1919, Frederick Tittel and wife executed to the plaintiff their mortgage on 320 acres of land in Russell county, being the northeast quarter, and the west half of the southeast quarter, and the south half of the southwest quarter, of section 14, township 15, range 14 west, to secure their note for $7,500. This mortgage was kept in force by successive extension agreements until it became in default shortly before this action was filed in November, 1937. Frederick Tittel's wife died prior to July, 1929. Thereafter Frederick Tittel executed mineral deeds for fractional shares of the oil, gas and other minerals in and under, or that might be produced from the south half of the southwest quarter of the section. He executed similar mineral deeds covering only the west half of the southeast quarter of the section. Each of these mineral deeds contained the following provision:

". . . and I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said property unto the said grantee herein, his heirs and assigns, against every person whomsoever lawfully claiming or to claim the same or any part thereof."

By the time this action was brought the grantees of those mineral deeds had conveyed fractional portions of their shares to various parties. No mineral deed had been executed covering the northeast quarter of the section. There were also oil and gas leases covering all or a part of the property. Frederick Tittel died intestate December 11, 1936, leaving as his sole heirs at law five adult children and one minor grandson. They will be spoken of hereafter as the Tittel heirs. In the foreclosure action the Tittel heirs were made parties defendant, also the record holders of interests under the respective mineral deeds and the holder of a second mortgage. The petition in the action with respect to the defendants alleged that they "have or claim to have some right, title and interest. in and to the above-described real estate, the nature of which is to this plaintiff unknown, but plaintiff avers that whatever right, title or interest said above-named defendants may have in and to said above-described real estate, the same is inferior, junior and subsequent to plaintiff's right under and by virtue of said note and mortgage." Summons was served personally on the Tittel heirs and upon some of the other defendants, and as to other defendants summons was by publication. The holder of the second mortgage answered and asked to have that foreclosed as a second lien. The guardian of the

minor Tittel heir answered setting up his interest, and six of the defendants who held fractional interests under the mineral deeds answered setting out their interests, and the administrator of the estate of Frederick Tittel answered. None of the other defendants answered. On May 8, 1938, a decree of foreclosure was rendered. This found the amount due plaintiff on the first mortgage and also the amount due on the second mortgage and contained appropriate provisions for the sale of the property to satisfy those liens. It also contained a recital that the owners of interests under the mineral deeds "who had appeared and filed answers" were recognized as owners of mineral rights which were subject only to the mortgages and judgments thereon "and were given rights of redemption of the land." It was further decreed that the defendants, C. W. Shaffer, H. C. Donahue, H. B. Johnson, M. H. Shelton, D. M. Carroll, and other defendants, in default of answers, have no right, title or interest in or to the real estate, "and that the title to said real estate and each and every part thereof is hereby quieted as against said defendants." No party was named in whom the title to the land was quieted. The decree directed the sale of the real property to satisfy the mortgage liens, provided for eighteen months redemption, and in default of such redemption a sheriff's deed issue, and that thereafter all parties to the action should be forever barred from any right, title or interest in or to the property. The property was sold by the sheriff under this decree December 27, 1938, and later the sale was confirmed.

While the foreclosure action was pending, five producing oil wells were drilled on the northeast quarter of the section, and the administrator of the estate of Frederick Tittel collected about $2,500 in royalties. Only one oil well had been drilled on the west half of the southeast quarter of the section and it had come in a dry hole. No oil well had been drilled on the south half of the southwest quarter of the section.

On February 1, 1940, the Tittel heirs borrowed from the Peoples State Bank of Luray a sum of money, secured by a mortgage on the land, with which they redeemed the property from the sheriff's sale. This mortgage warranted the title as against everything except mineral deeds and oil and gas leases of record. On June 10, 1940, the defendants, C. W. Shaffer, H. C. Donahue, D. M. Carroll, H. B. Johnson and M. H. Shelton, each filed an application asking the court to determine whether they were under obligation to contribute to

the sum paid by the Tittel heirs to redeem the land, and if so, for the court to determine the amount they should contribute, and to whom the contribution should be made, and for a determination of their rights as holders of fractional shares under the mineral deeds. Later, F. D. McMillen, who had succeeded to the interest of one of the original defendants, filed a similar application. These applications were answered by the Tittel heirs, the administrator of the estate of Frederick Tittel and The Peoples State Bank of Luray. After a full hearing the court made exhaustive findings of fact, which we have hereinbefore summarized. The court further found the value separately of the surface rights and of the mineral rights of the several tracts of land to be as follows: The northeast quarter, surface $5,162.50, mineral $40,000; the west half of the southeast quarter, surface $1,000, mineral $2,000; and the south half of the southwest quarter, surface $2,400, mineral $2,000. As conclusions of law the court held that the applicants are tenants in common as to their mineral rights with the Tittel heirs and that redemption by said heirs was for the benefit of their cotenants; that "no right of redemption vested by law in any of the cotenants was taken away by any judgment rendered in this action. . . . Any wording of the journal entry of judgment which might be construed as barring such right should be corrected to show that such right is saved. The applicants hold their interests in the minerals free from the obligation of Frederick Tittel, Jr., his heirs, executors, administrators to satisfy all adverse claims affecting applicants' right of enjoyment, or, in other words, to warrant and defend the property unto said applicants against every person whomsoever lawfully claiming the same. . . . Redemption having been made by those whose duty it was to defend the rights of the applicants in the real estate, no contribution on the part of the latter is required to save their interests in the land." An appropriate judgment embodying these conclusions of law was rendered. A motion for a new trial filed by the Tittel heirs, the administrator and the bank, was overruled, and they have appealed.

While stated in their brief from various viewpoints the principal contention of appellants in this court is that in the foreclosure decree there is a provision which quieted the title to the land against all defendants who had not answered; that the appellees had not answered prior to the decree of foreclosure; hence that all rights and interests which appellees had in or to the land under mineral deeds or otherwise were effectively cut off, and, since there had been no

appeal from that decree, are now forever barred. We first take note of the fact that such a holding would be equally effective against the adult Tittel heirs, who are the principal appellants here, for none of them answered prior to the foreclosure decree. But we pass this thought, since we are convinced the point contended for by appellants is not well taken.

In answer to this contention appellees argue that the provisions of the foreclosure decree by which the title was quieted as of the date of the decree, not in favor of anyone, but against all defendants who had not answered, pertained to a matter not within the scope of the pleadings, hence was ineffective and void. This was the view taken by the trial court at the time of the ruling when this appeal was taken. We concur in that view.

The general rule is that before an action to quiet title can be maintained the plaintiff must have the actual possession of the property, or the legal title thereto. (*Wood v. Nicolson*, 43 Kan. 461, 463, 23 Pac. 587; *Sutliff v. Smith*, 58 Kan. 559, 50 Pac. 455.) Here it was not alleged in the petition that plaintiff had title to the land, or was in possession thereof.

In this state a mortgage is merely an encumbrance of security for a debt. (*Chick et al. v. Willetts*, 2 Kan. 384; *Stark v. Morgan*, 73 Kan. 453, 461, 85 Pac. 567; *Motor Equipment Co. v. Winters*, 146 Kan. 127, 135, 69 P. 2d 23.) In the foreclosure of a mortgage on real property the legal title to the property does not pass until the sheriff's deed is executed and delivered. (*Chambers v. Rose*, 111 Kan. 22, 206 Pac. 336; *New York Life Ins. Co. v. Slentz*, 145 Kan. 849, 852, 67 P. 2d 522.) And where, after a sale of the property under a decree foreclosing a mortgage on real property, redemption from the sale is made, and no sheriff's deed is issued, the title to the property is not affected by the foreclosure proceedings. (*Motor Equipment Co. v. Winters*, supra.) In an action to foreclose a real-estate mortgage a provision in the decree which is not within the issues formed by the pleadings is void. (*Hill v. Alexander*, 2 Kan. App. 251, 41 Pac. 1066; *State Reserve Bank v. Daniels*, 142 Kan. 694, 696, 51 P. 2d 1009, 42 C. J. 142.)

In its petition in this case the plaintiff made no claim of having title to the property or being in possession thereof. In the petition there were no allegations of any grounds for quieting title. Plaintiff set up its note and mortgage and sought a decree foreclosing its mortgage for the purpose of collecting the sum due on its note. As

to the many defendants, it was alleged that any lien they had upon, or any right, title or interest they had in or to the real property, was inferior and subordinate to the lien of the plaintiff. The provision in the decree purporting to quiet title against some of the defendants was not within the issues of the case, and under the authorities above cited was ineffective and void. Appellants argue that when the court passed upon the application of the appellees in 1940 it had no jurisdiction or authority to interpret and to hold invalid a provision of the foreclosure decree rendered in May, 1938. This point is not well taken. A void judgment may be set aside at any time. (G. S. 1935, 60-3009; *State Reserve Bank v. Daniels*, supra.)

Appellants argue that in any event the court should have required appellees to pay a share of the cost of redemption. This point is not good as against the holders of rights under the mineral deeds executed by Frederick Tittel, because of the warranty contained in each of the mineral deeds. The heirs of Frederick Tittel and his administrator are bound by those warranties. As to the appellant, The Peoples State Bank of Luray, the mortgage executed to it by the Tittel heirs, in warranting the title, excepted mineral deeds and oil and gas leases of record. The mineral deeds under which appellees claim were of record, hence the bank has no claim under its mortgage against the holders of the mineral deeds.

Many other details of the case might be discussed, but we see no purpose in doing so. We have examined the record and the authorities cited by counsel with care and find nothing that would authorize or justify the disturbance of the judgment of the trial court. It is therefore affirmed.