No. 35,106

PENN MUTUAL LIFE INSURANCE COMPANY, *Plaintiff*, v. FRED TITTEL et al., *Appellants* (C. W. SHAFFER et al., *Appellees*).

(114 P. 2d 312)

 Opinion denying a rehearing filed June 7, 1941. (For original opinion of affirmance see 153 Kan. 530, 111 P. 2d 1116.)

*J. C. Ruppenthal,* of Russell, for the appellants.

*George W. Holland, Clifford R. Holland* and *Herbert N. Holland,* all of Russell, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: In a motion for rehearing counsel for appellants call our attention to language used by Justice Brewer in *Bradley v. Parkhurst,* 20 Kan. 462, as follows:

". . . the practice has been quite common in this state to bring in as parties defendant, in a foreclosure suit, all who claim any interest in the mortgaged premises, whether subordinate, or adverse, to the mortgagor's title." (p. 466.)

Also cite many other cases of similar import decided by this court, down to and including *Motor Equipment Co. v. Winters,* 146 Kan. 127, 69 P. 2d 23, where it was said:

". . . it was the universal practice of good lawyers to make all record lienholders and others claiming any right, title or interest in the land, parties defendant in order that all rights and interests might be determined in a single action." (p. 133.)

Counsel express the fear that our opinion in this case upsets this long line of decisions. There is no reason for such a fear. Nothing said in the opinion justifies that view.

In this case plaintiff, in foreclosing its mortgage, properly made defendants a large number of persons, firms and corporations which the records indicated had or might have some right, title or interest in or lien upon the property, and alleged that the interest, title or lien of each of the defendants was inferior to the lien of plaintiff's mortgage. Each of the defendants who answered admitted that his claim of title or interest was inferior to that of plaintiff's mortgage. As to them and as to the nonanswering defendants the court was

authorized to render a decree that the lien of plaintiff's mortgage was superior to the right, title, interest and lien of the defendants.

In its petition plaintiff did not allege it had title to the property, or that it was in possession of the property. No pleading filed on behalf of any defendant admitted or disclosed that plaintiff had title to the property, yet the scrivener who prepared the decree of foreclosure put in it a provision quieting title *as of the date of the decree* against all the *defendants who had not answered,* without stating in whom the title was quieted. We simply held that this provision so inserted, being unauthorized by the pleadings before the court, was void.

The appropriate decree for the court to have granted would have been to have found the amount due on the mortgage debt, that the mortgage was a lien superior to the right, title and interest or lien of each of the defendants, to order a sale of the mortgaged property, to fix the period of redemption, and to provide that from and after such sale, and in default of redemption, the defendants and each of them would be forever barred and foreclosed.

The court did find the amount due, directed the sale, and fixed the period of redemption. Within that period the property was redeemed by the heirs at law of the mortgagor. In such a case the time never arrived when the title of the property passed by the sheriff's sale to the holder of the certificate of purchase. Therefore, the time never came when title of defendants, the appellees in this case, was barred by the decree of foreclosure.

Other matters mentioned in the motion for rehearing have been considered, but need not be specifically treated. The motion is denied.