Opal Chadwell **RONSICK**, Appellant,

v.

Fern **PHARISS**, Johnny Madison and
Lois Madison, Appellees.

No. 6499.

United States Court of Appeals
Tenth Circuit.

Dec. 22, 1960.

Rehearing Denied Jan. 23, 1961.

Robert Martin, Wichita, Kan. (Norman M. Iverson, D. Arthur Walker, Arkansas City, Kan., George B. Collins, Oliver H. Hughes, K. W. Pringle, Jr., W. F. Schell, Thomas M. Burns, and Laverne Morin, Wichita, Kan., on the brief), for appellant.

Clifford L. Malone, Wichita, Kan. (Kirke W. Dale, Donald Hickman, Arkansas City, Kan., Mark H. Adams, Charles E. Jones, Wm. I. Robinson, J. Ashford Manka, Mark H. Adams, II, John S. Seeber, and Floyd E. Jensen, Wichita, Kan., on the brief), for appellees.

Before BRATTON, PICKETT and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-plaintiff, Opal Chadwell Ronsick, sued in the United States District Court for the District of Kansas to establish the title of her daughter, Lois Helene Braman, to certain Kansas real estate as against the claims of the appellees-defendants who are all citizens of Texas and who were served there. The claim is that Opal made an oral contract with Matthew Chadwell, the paternal grandfather of Lois, whereby Matthew agreed that upon his death the property would go to Lois. The trial court sustained a motion to dismiss on the ground that the action was not brought by the real party in interest. Jurisdiction is based on diversity.

The first difficulty is the determination of the type of action here presented. The complaint recites that it is an action "to establish title and remove an incumbrance or cloud upon the title to real estate" and avers that the plaintiff is entitled to have service on the defendants

under 28 U.S.C. § 1655, which, in certain actions involving property, permits service without the state in which the action is brought. The next paragraph of the complaint states that the claim arises under a contract made by plaintiff with Matthew for the benefit of Lois and that the plaintiff is the proper party to bring the suit under the provisions of Rule 17(a), F.R.Civ.P., 28 U.S.C., which provides that every action shall be prosecuted in the name of the real party in interest but that a party with whom or in whose name a contract has been made for the benefit of another may sue in his own name without joining the party for whose benefit the contract is made.

The complaint alleges these facts. Lois is the daughter of the plaintiff and Earl Chadwell. Plaintiff and Earl were divorced on April 24, 1919, and the decree entered in the divorce proceedings required Earl to pay to plaintiff $10 weekly for the support of Lois. By February 23, 1926, Earl was delinquent in such payments by a substantial amount and, about that date, plaintiff made an agreement with Matthew, the father of Earl and the grandfather of Lois, whereby plaintiff agreed to waive and acknowledge satisfaction of all delinquent payments and to permit the entry of an order in the divorce proceedings releasing Earl from future payments. Matthew agreed that he and his wife Miriam would hold certain Kansas property "for the benefit of" Lois and that "at their death said real estate would be the property of Lois Helene Braman absolutely and she would be entitled to take possession of it." The contract was fully performed by plaintiff. There was a fiduciary or confidential relationship between the parties interested in the contract. On various occasions Matthew acknowledged that he and his wife held the property for the benefit of Lois and that "said real estate was in fact the property of Lois Helene Braman." Miriam and Earl predeceased Matthew who died on September 22, 1957. Lois is the sole heir at law of Matthew. The defendants are the residuary legatees under the will of Matthew. Matthew failed and neglected to "transfer formally the title" to Lois but Lois is "the absolute owner of the property, both in law and in equity." The defendants claim some right, title or interest adverse to Lois and this claim is a cloud on her title. The prayer is that Lois be declared the absolute owner and entitled to possession, that the right and title of Lois be decreed superior to any alleged claim or right of the defendants, and that the defendants be adjudged to have no right or title to the property.

The will of Matthew is not exhibited and there is no statement as to whether the defendants assert any claim to this property by reason of the will. There is no allegation as to possession or enjoyment of the property.

There is no claim that the defendants were parties to the agreement relied on by the plaintiff or that the defendants assumed any responsibility for the performance of that agreement. There is no allegation that the defendants have taken possession of the property or exercised any powers or rights of ownership thereof. Indeed, the only claim against the defendants is that they assert some right or interest adverse to Lois. These allegations are insufficient to charge the defendants with the breach of any contractual duty and require the conclusion that the action may not be maintained on the theory of breach of contract or of right to specific performance. If reliance were placed on either theory, the question would arise as to the right to service under § 1655.

The defendants say that the action is one to quiet title. While the allegations of the complaint are typical of such a suit, the plaintiff asserts with vigor that this is not a quiet title action. Her reason for such position is clear. The provisions of Rule 17(a), relative to contracts for the benefit of another, would not apply as ordinarily a quiet title

action must be prosecuted in the name of the real party in interest.[1]

■ Plaintiff contends that the action is quasi in rem to enforce a trust. Accepting as we must the allegations of the complaint and viewing them in the light most favorable to the plaintiff, the situation is that Matthew made a contract with the plaintiff to leave the property to Lois on his death and did not carry out that contract. His death precludes an action for breach or specific performance. Assuming that the defendants claim some right to the property as residuary legatees under the will of Matthew, even though no allegation to this effect is made in the complaint, there is no assertion by the plaintiff that the defendants have done anything to deprive Lois of the benefits accruing to her by virtue of the contract between plaintiff and Matthew. The defendants are in the position of innocent donees so far as the allegations of the complaint are concerned.

In such a situation, recovery, no matter what form the action may take, must rest on the theory that Matthew held the property for the benefit of Lois and breached his fiducial duty. The right to enforce such fiducial duty is in Lois and Rule 17(a) requires that she must bring the action as she is the real party in interest. The provisions of that rule relative to a contract for the benefit of another do not apply as the cause of action is for the breach of the fiducial duty, not for breach of the contract out of which the fiducial duty arose.

The orderly disposition of the controversy presented requires that Lois bring the suit. She is not shown to be under any disability or to have either acquiesced in or objected to this suit. So far as the complaint is concerned there is nothing to indicate that she knows anything about it. If this suit were permitted to proceed in its present form and the defendants should prevail, then they would be under the hazard of another suit, perhaps in another jurisdiction, prosecuted by Lois and they could not plead res judicata because of the lack of identity of parties.

■ The lower court dismissed the action with prejudice because it was not brought by the real party in interest. We agree that the suit has to be dismissed for that reason but we are concerned with the ultimate determination of the controversy. In the event of an action in some court by Lois, the assertion might be made that the plaintiff here is a necessary party and that as this case has been determined adversely to her there is an impediment to such action. Accordingly, the judgment should be so modified as to assure that in an action brought by Lois the judgment herein is no bar.

Modified and affirmed.

BRATTON, Circuit Judge (dissenting).

According to my view, this action in its primary aspect was one to enforce a trust upon real property in Kansas. Under the terms of the alleged trust, Matthew Chadwell held the property in trust for Lois Helene Chadwell, later Lois Helene Braman. Opal Chadwell, later Opal Chadwell Ronsick, mother of Lois, brought the action for the benefit of Lois. And Rule of Civil Procedure 17(a) provides in presently material part that a party with whom on in whose name a contract has been made for the benefit of another may sue in his own name without joining with him the party for whose benefit the action is brought. The action fell within the rule. And under the rule, Opal was authorized to maintain the action without Lois being a party thereto.

The defendants were not without a procedural remedy in this action to protect themselves against the hazard of a proceeding brought by Lois in her own behalf with a different outcome. Proceeding under Rule of Civil Procedure

---

1. Penn Mut. Life Ins. Co. v. Tittel, 153 Kan. 530, 111 P.2d 1116, 1119, rehearing denied 153 Kan. 747, 114 P.2d 312; 74 C.J.S. Quieting Title § 55.

19(b), they could have asked that she be made a party to this action; and by that procedure, they would have been protected against any such hazard.

It is my conclusion that the judgment should be reversed and the cause remanded for further proceedings in determining the rights of the parties under the asserted trust.